# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:18-cv-10257-R-KES                                Date: June 17, 2019

Title: JUAN SOLANO v. ATTORNEY GENERAL OF THE STATE OF CALIFORNIA

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**          Order to Show Cause Why the Petition Should Not Be Dismissed.

       Petitioner Juan Solano ("Petitioner") filed an undated Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"), docketed by the Court on December 11, 2018. (Dkt. 1.) Petitioner has failed to timely (1) oppose Respondent's Motion to Dismiss, and (2) file a renewed application to proceed in forma pauperis ("IFP"). Therefore, the Court orders Petitioner to show cause why the Petition should not be dismissed.

## I. FAILURE TO OPPOSE THE MOTION TO DISMISS.

       On May 7, 2019, Respondent filed a Motion to Dismiss the Petition. (Dkt. 15.) The Court's Case Management Order provides: "If Respondent files a Motion to Dismiss, then Petitioner shall file his opposition, if any, to the Motion within twenty (20) days of the date of service thereof." (Dkt. 6 at 2.) On May 10, 2019, the Court issued an order reminding Petitioner: "Petitioner may file an opposition responding to matters raised in the motion to dismiss within **twenty (20) days** of the date of service thereof (i.e., on or before May 27, 2019)."[1] (Dkt. 17.) As of date, Petitioner has not responded to the Motion to Dismiss. In fact,

---

[1] The order further provided: "Any opposition filed by Petitioner shall address Respondent's contention that this Court should dismiss the Petition without prejudice because Petitioner has an ongoing criminal proceeding pending in juvenile state court. Petitioner may address whether the Petition implicates the issues presently under consideration in the state court. If Petitioner's proceeding terminates while the motion is pending, then he may alert the Court

Petitioner has not submitted any filings to the Court since April. (See Dkt. 13.)

It is well-established that a district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Local Rule 41-1 provides that "[c]ivil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1. Thus, the Court may dismiss the Petition if it determines that Petitioner is neglecting to prosecute this action.

## II.FAILURE TO SUBMIT AN IFP APPLICATION.

When a petitioner files a petition for writ of habeas corpus pursuant to § 2254, the petition must be accompanied by the applicable filing fee or a request for leave to proceed IFP. Rule 3(a), Rules Governing Section 2254 Cases in the U.S. District Courts. The IFP request must include "the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Id. Under 28 U.S.C. § 1914, the filing fee for a habeas action is $5.00. 28 U.S.C. § 1914(a).

The Court denied Petitioner's initial IFP application because (1) Petitioner did not complete the declaration in support of his IFP application, (2) Petitioner did not sign the Prisoner Authorization, and (3) Petitioner did not submit a certified copy of his inmate trust account statement. (Dkt. 3.) Petitioner was instructed to submit a renewed application within thirty days. (Id.) The Court extended Petitioner's deadline to do so four times. (Dkts. 5, 8, 12, 14.) Nevertheless, Petitioner never submitted his renewed application or paid the filing fee.

A district court may dismiss a habeas petition for failure to timely pay the filing fee or submit an IFP application. Young v. U.S., 465 F. App'x 597, 598 (9th Cir. 2012) (memorandum) (district court did not abuse discretion for dismissing habeas petition when petitioner did not timely pay the filing fee or provide an IFP application); Culler v. Board of Prison Terms, 405 F. App'x 263, 264 (9th Cir. 2010) (memorandum) (same); Scott v. LaMarque, 27 F. App'x 858, 859 (9th Cir. 2001) (memorandum) (affirming dismissal for petitioner's failure to comply with order to pay filing fee or show cause why he could not pay); see also Lawrie v. Allison, 2011 WL 1691799 (S.D. Cal. May 3, 2011) (dismissing without prejudice where petitioner failed to complete the IFP application or pay the filing fee in a timely manner); Davis-Rice v. Clark, 2006 WL 1646143 (N.D. Cal. June 14, 2006) (same); Ulrey v. Yates, 2006 WL 3456605 (E.D. Cal. Nov. 27, 2006) (same); Harris v. Yates, 2004 WL 1047975 (N.D. Cal. May 3, 2004) (same); Williams v. Mayberg, 2003 WL 22519421 (N.D. Cal. Nov. 4, 2003) (same). Thus, the Court may dismiss the Petition if it determines that Petitioner is neglecting to submit a

---

that the motion is moot." (Dkt. 10.)

renewed IFP application or to pay the filing fee.

## III. CONCLUSION.

 For the foregoing reasons, Petitioner is hereby ordered to show cause why the Petition should not be dismissed for failure to prosecute and failure to pay the filing fee or submit a renewed IFP application. To discharge this Order, **on or before July 17, 2019 (i.e., within thirty days)**, Petitioner shall:

1. Respond to the Motion to Dismiss, by doing one of the following:

    a. File his Opposition to Respondent's Motion to Dismiss,

    b. File a notice stating that the Motion is unopposed, or

    c. File a motion for an extension of time to oppose, showing good cause for the extension.

2. File an application to proceed IFP or pay the $5 filing fee.

 If Petitioner fails to discharge this Order, then the Court may recommend that the Petition be dismissed.

 Initials of Deputy Clerk JD